UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JOHN A. MEUSE, PETITIONER

V.

UNITED STATES, RESPONDENT

CIVIL NO. 05-10444-MLW

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

1) The judgement and conviction against petitioner, John A. Meuse, was entered in the District Court For The Eastern District Of Massachusetts.

2) The date of the judgement of conviction was entered on October 31, 1994.

3) The defendant/petitioner was sentenced to a term of 294 months, plus 33 months credited for time served.

4) The nature of offense was one count of violation of 18 USC § 922(g)(1), sentenced pursuant to the Armed Career Criminal Act ("ACCA") under 18 USC § 924(e) = 294 months, plus 33 months for which the defendant had time served.

5) The defendant/petitioner entered a guilty plea.

6) No judge or jury trial ocurred.

7) The defendant did not testify in his defense as a result of the plea.

8) The defendant appealed the denial of a motion to suppress the fruits of a search of his home.

9) The appeal was taken in the First Circuit Court of Appeals. The judgement was <u>affirmed</u> on <u>August 2, 1995</u>.

10) Other than the direct appeal, the petitioner/defendant hasn't filed any petitions, applications or motions.

11) No other appeal for relief has been taken.

-1-

12 A) <u>GROUND ONE: THE SUPREME COURT DECISION IN UNITED STATES V. BOOKER/FANFAN, 125 S.Ct. 738(2005) IS NOT A PROCEDURAL HOLDING, BUT A SUBSTANTIVE ONE UNDER BOUSLEY V. UNITED STATES, 523 U.S. 614, 620(1998) AND THEREFORE MUST BE APPLIED RETROACTIVELY AS TO THE REMEDIAL PORTION OF THE BOOKER/FANFAN DECISION REQUIRING THIS COURT TO RESENTENCE THE PETITIONER UNDER THE NEWLY DECLARED "ADVISORY GUIDELINE" SENTENCING SCHEME DUE TO THE "UNREASONABLENESS" OF THE PETITIONER'S SENTENCE IMPOSED BY THIS COURT, BOOKER, at 766.</u>

<u>FACTS SUPPORTING GROUND ONE:</u>

a) <u>RETROACTIVITY OF BOOKER/FANFAN REMEDIAL DECISION.</u> [1]

On January 12, 2005 the Supreme Court handed down its decision in the consolidated cases of <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738 (2005). The Court's decision consisted of two separate majority opinions.

The first opinion, authored by Justice Stevens, held that the rule of <u>Blakely v. Washington</u>, 124 S.Ct 2531(2004) applies to the federal sentencing guidelines because their mandatory application under the Sentencing Reform Act of 1984 (SRA) renders the top of each guidelines range a "statutory maximum" punishment for <u>Apprendi</u> purposes. Guidelines enhancements based on judge-found facts, which increase the applicable sentencing range and thus the statutory maximum, therefore violate the Sixth Amendment right to jury trial.

The second opinion, which is addressed here, was authored by Justice Breyer, and held that the proper remedy, in light of the Court's Sixth Amendment holding, is for the Court to judicially strike the language from the SRA that makes the sentencing guidelines mandatory. The guidelines thus become

---

[1] The district court has the authority and power to determine <u>United States v. Booker</u>, retroactivity in an 28 U.S.C. § 2255 proceeding, <u>Murray v. United States</u>, 2002WL982389 (D.Mass 2003); <u>Breese v. Maloney</u>, 322 F.Supp.2d 109, 114-15 (D.Mass 2004).

"effectively advisory" in all cases, including those in which there are no Sixth Amendment-offending enhancements. Under the new "advisory" guidelines sentencing scheme, sentences handed down by judge's may be reviewed under a "reasonableness" standard, Booker, 125 S.Ct. at 766.

The Booker Court held that 18 U.S.C. § 3553(b)(1)(providing that district court's "shall" impose a guidelines sentence) and § 3742(e)(setting forth standards of appellate review) can and must be severed from the remainder of the SRA and excised, Booker, 125 S.Ct. at 756-57.

The ending result is that district courts must now impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2), after considering:

1) the nature and circumstances of the offense and the history and characteristics of the defendant [3553(a)(1)];

2) the kinds of sentences available [3553(a)(3)];

3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range [3553(a)(4) & (a)(5)];

4) the need to avoid unwarranted sentencing disparity among defendants with similar records that have been found guilty of similar conduct [3553(a)(6)]; and

5) the need to provide restitution to any victim of the offense [3553(a)(7)].

Having stricken down the SRA's provision governing the appellate standard of review for sentencing decisions, the majority now implies a new standard into the SRA: review for "reasonableness." Booker, 125 S.Ct at 766.

In the pre-<u>Booker</u> era, 18 U.S.C. § 3553(a)(4) & (a)(5) <u>mandated</u> that sentencing judges impose sentences according to "the guidelines and policy statements issued by the Sentencing Commission, **including the guideline range.**" <u>id.</u> Post-<u>Booker</u> though, such sentences are only "advisory" and are no longer "mandatory".

The **Booker-remedy** is retroactive because it is not a procedural holding, as was the case in <u>Teague v. Lane</u>, 489 U.S. 288, 311(1989) where the court carved out an exception for "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Saffle v. Parks</u>, 494 U.S. 484, 494-95(1990)(quoting Teague, 489 U.S. at 311), but is a substantive ruling.

New substantive rules established by the Supreme Court "apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of an act the law does not make criminal' or faces a punishment that the law cannot impose upon him." <u>Schriro v. Summerlin</u>, 124 S.Ct. 2519, 2522-23 (2004)(quoting <u>Bousley</u>, 523 U.S. at 620).

<u>Booker</u> qualifies as a substantive holding because the Court, through statutory construction and excision, changed the substantive penalties that may be imposed in federal cases by making the guidelines advisory. The effect was to alter the mandatory minimum and the mandatory maximum penalties (which under the binding guidelines system had been the <u>guideline minimum</u> and <u>maximum</u>), by replacing them with the minimum and maximum penalty allowed under the statute for the offense of conviction. Contrast the difference between <u>Schiro v.</u>

-4-

Summerlin, 124 S.Ct 2519(2004) in which the Summerlin Court found that Ring v. Arizona, 536 U.S. 584(2002), which applied Apprendi in the death penalty context, did not announce a substantive rule, but merely a procedural one, Summerlin, 124 S.Ct at 2524, the remedy Court imposed there was different than the remedy imposed in Booker. In Ring, the Court corrected the Apprendi error by changing the sentencing **procedure** to require fact finding of aggravating factors by the jury, instead of by the judge. See Summerlin, 124 S.Ct. at 2524. In Booker, the Court corrected the Apprendi error by changing the **substantive penalty** available. Booker therefore establishes a new substantive rule and should be given retroactive effect.

This issue of the "substantive rule" change could not have been raised before Booker was decided since it was only Booker that has changed the substantive penalty. Thus, the foregoing 28 U.S.C. § 2255 motion is timely as long as it is filed within a year of Booker.

b) **THE DEFENDANT'S PRE-BOOKER SENTENCE WAS NOT REASONABLE APPLYING THE NEW "ADVISORY GUIDELINE" SENTENCING SCHEME.**

The defendant was charged with possessing a firearm(s) in and affecting commerce after having been convicted of a felony in violation of 18 USC §922(g). He was charged in the indictment as having committed this offense "on or about December 10, 1991". Because of his criminal history, the court found the defendant was subjected to the enhanced penalties of 18 USC § 924(e)'s Armed Career Criminal Act ("ACCA").

At sentencing, the court found the defendant to be an Armed Career Criminal and also determined the base offense level to be 34 pursuant to U.S.S.G. § 4B1.4(b) as the firearm(s) are alleged to have been used or possessed in connection with a crime of violence.

The crime of violence cited in the PSR was said to be, in particular, the robbery of "Yesterday's Restaurant" in Peabody, MA which had been committed on 11/23/91. That offense resulted in three separate counts of Armed robbery for which the defendant was serving a 20-25 year Essex County Superior Court prison sentence for each count at the time of sentencing on the instant offense.

Pursuant to §5G1.3 (Imposition of a sentence on a defendant subject to an undischarged term of imprisonment) which states at paragraph #1 of application note #3 to USSG 5G1.3:

> To the extent practicable, the Court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under §5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time.

Pursuant to the directives of USSG §5G1.3, the guidelines

-6-

for the undischarged Essex County 20-25 year sentences were calculated. In order to calculate the combined offense level for the crimes for which the defendant is serving the undischarged portion of his sentence (the Essex County offenses) and the instant offense, the following analysis was employed using the Multiple Count section at USSG §3D1.2:

> For the charges of Armed Robbery, assault and battery with a dangerous weapon, knowingly receiving a stolen motor vehicle, and possession of a dangerous weapon for which the defendant received a 20-25 year state sentence on 2/22/93 in Essex Superior Court, the guidelines are calculated as follows:

The base offense level for the three counts of <u>Robbery</u> were computed at a base offense of **20**.

The court then applied **specific offense characteristics** per USSG §2B3.1(b)(2)(B), where it was determined by the court that "a firearm was used" in the three Essex County robbery offenses, thus an additional six (6) levels was also applied. Finally, (and not relevant here) another two levels were also applied due to a finding that a victim sustained bodily injury in each instance of Robbery. The final offense level for these three robbery charges was determined to be **28**.

Under the grouping principals at USSG §3D1.4 (Multiple Count Adjustment) the court determined that the Group 2, 3 and 4 Essex Superior robbery offenses yielded an additional 1/2 a unit per Group in addition to the Group 1 "Instant Offense" additional unit of 1. The total being 2 1/2 units resulting in an additional three (3) offense levels of adjustment. This made

-7-

the defendant's newly calculated base offense level **37**.

With the three (3) levels off for acceptance of responsibility the defendant's sentencing offense level was set at **34**.

At sentencing, the Court, Justice Wolf, stated as his reasons for applying the three level enhancement as follows:

> THE COURT: Well, the defendant's objection on this point is also denied.
> Essentially, the question is whether the robbery of Yesterday's ought to be treated as one offense or three. There were three separate guilty verdicts entered. Guilty pleas entered.
> It shows on the record as three convictions, three parts, distinct parts.
> Section 3D1.2 accepts offenses governed by Section 2B3.1, a grouping, that has been recognized in this argument. As I said, while there may -- **the defense argument here may be one reasonable argument for what the Sentencing Guidelines should do**, they're not what the Sentencing Commission decided to do.
> ....
> (S.Tr.at page 33-34)

The judge then went on to state:

> "**The Sentencing Commission I believe rejected the argument and I must as well.**"
> (S.Tr.at page 34)

Based upon the judge's statements at sentencing, it is clear that the Court recognized that it was an unreasonable enhancement which was being imposed in the view of the court when it said that "the defense argument here may be one <u>reasonable</u> argument for what the Sentencing Guidelines <u>should</u> do," but that the Court believed because "[t]he Sentencing Commission I believe rejected the argument [] I **must** as well." Based on this reasonableness/unreasonableness presentation the petitioner asserts that the retroactive application of the

newly developed "advisory guideline" sentencing scheme would place the defendant in a more "reasonable" advisory sentencing guideline offense level of **34**.

Furthermore, and more importantly, the petitioner asserts that his sentence amounted to double-counting at the determination of the offense level stage. Specifically, the petitioner was given an offense level enhancement pursuant to USSG §4B1.4(b)(3)(A) because the defendant "used or possessed the firearm or ammunition in connection with a crime of violence.". This was as opposed to the base offense level of USSG §4B1.4(b)(3)(B) which would have called for an offense level of **33**. The Court then applied, under the Multiple Count section, specific offense characteristics as to the very same underlying robbery offenses for which the defendant's ACCA level was enhanced because (again) the defendant "used or possessed a firearm" during a "crime of violence". This impermissible double-counting resulted in the underlying Robbery Groups Two, Three and Four being rated at an offense level of **28**, as opposed to **22** without the double-counting, for use or possession of the same firearm to enhance the Instant offense. If the Court did not double-count the specific offense characteristic use of or possession of a firearm in a crime of violence the underlying robbery count would have resulted in an offense level difference of 12 levels (OL 34 minus 12 = 22) and no Units would have been added to increase the Instant Offense Level of **34**.

Applying the new **Booker-Remedy** retroactively, the Court

must resentence the petitioner as the multiple count adjustment for the three robbery offenses was unreasonable as this Court noticed and which has been determined to no longer be mandatorily applicable, as the Court stated was its reason for its application. The petitioner must also be resentenced because it was an unreasonable "punishment that the law cannot impose upon him" (Summerlin, Supra, at 2522-23, quoting Bousley, Supra, at 620) when the Court engaged in impermissible double-counting to reach an erroneous offense level of 37 (resulting in a plea to OL 34 as opposed to what would otherwise have been 31).

On February 22, 2005 the First Circuit Court of appeals set forth their standards for review (by the appellate court) of unpreserved claims of sentencing errors in the aftermath of United States v. Booker. See United States v. Antonakopoulos, ___ F3d ___, ___, USCA1 Opinion 03-1384, Feb. 22, 2005. In the Court's section D. (Booker Remand Considerations) the court stated "it would be a fool's errand for us to try now to describe all situations in which remand may be warranted under plain-error review." Then went on to assert that "[w]e offer a few observations." Thereafter the court stated:

"First, where in a pre-Booker world we would have remanded for procedural [footnote omitted] **or substantive** error in the application of the guidelines, that would normally lead to a Booker remand. Where, as in pre-Booker cases, we engage in plain-error review and find it clear that the district court has made a sentencing error under the Guidelines, the correction

of which ordinarily would have led to a lower sentence in the pre-Booker era, there is a strong argument for remand. See, e.g., United States v. Sedoma, 332 F3d 20, 29 (1st Cir 2003)(resentencing granted in plain-error review **of a grouping error** which led the district court to increase defendant's sentence by 58 months). This means that in some cases we will continue to review pre-Booker type claims of guideline error where it is plausable that the error committed affected the sentence. Accord United States v. Rodriguez, No. 04-12676, 2005 WL 272952 (11th Cir. Feb. 4, 2005)." (emphasis added) id. The petitioner here was sentenced at an offense level range of 262-327 months at an offense level calculation of 34. Had he been sentenced at the appropriate range of 188-235 for an offense level of 31, there would have been a difference of 74-92 months. The defendant received a sentence of 294 months (in light of credit for 33 months time which he'd already been incarcerated), which is approximately 59 months above what he would otherwise have received under the appropriate guidelines range. (One month more than Sedoma). Thus, the First Circuit has observed that a "grouping error" is reviewable under Booker where it is plausable that the error affected the sentence. Here that is so.

Finally, the First Circuit stated "history shows that the mandatory nature of the Guidelines has produced particular results which led trial judges to express that the sentences imposed were unjust, grossly unfair, or disproportionate to the crime committed, and judges would otherwise have sentenced differently." (and citing case-law), Antonakopoulos, Supra. And where, as here, "the district judge has said as much about

-11-

a Guidelines sentence, that is a powerful argument for remand. If the resulting sentence after remand is itself unreasonable, the government can appeal.", id.

In light of Booker, and Antonakopoulos, supra, this court must vacate, set aside or correct the petitioners sentence.

c) **Sentencing Counsel and Direct Appeal Counsel's Failure To Object To And Failure To Brief The 12 b) Issues Amounted To Ineffectiveness.**

Had sentencing attorney Annemarie Hassett objected to the 12 b) issues presented above, the district court judge would not have applied the three level enhancement which increased the defendant's term of incarceration by more than 59 months. Counsel Hassett had no possible strategic reason for her failure to advance the double-counting argument. Counsel had everything to gain and nothing to lose by advancing this argument.

Attorney Hassett was equally ineffective for failing to advance the same argument on direct appeal as the grouping error was per se plain error and would have been remanded for resentencing had she addressed it in her direct appellate brief.

Attorney Hassett had no possible strategic reason for her failure to address this issue in her appellate brief and was ineffective for failing to do so.

Had attorney Hassett addressed the 12 b) issues at sentencing and on direct appeal, the defendant/petitioner would have received a sentence of at least 59 months less than what he received as a result of counsels failure to do so.

Wherefore, the petitioner should be granted the requested relief.

13) The grounds for relief listed in 12 A) have not previously been raised. The reasons for not presenting them are due to the ineffectiveness of direct counsel, appellate counsel and because the retroactive Booker-Remedy had previously been unavailable to the defendant/petitioner.

14) The petitioner does not have any petition or appeal now pending in any court as to the judgement under attack.

15) The initial attorney who represented the petitioner/defendant was William A. Brown.

The attorney for the petitioner at sentencing was Mrs. Annemarie Hassett.

The attorney for the petitioner/defendant on appeal was also Mrs. Annemarie Hassett.

16) The defendant/petitioner was sentenced on only one count of an indictment.

17) The defendant/petitioner must serve a consecutive 20 year federal prison sentence. That sentence was imposed by the United States District Courthouse for the Eastern District of Massachusetts.

Wherefore, the petitioner prays that the Court grant him all the relief which he may be entitled to in this proceeding.

Respectfully Submitted,

*John A. Meuse*
Mr. John A. Meuse, pro se
U.S.M. # 19365-038
Mailing Address:
Dorothy Post
53 Meadowood Dr.
Stoughton, MA 02072

I declare under penalty of perjury that the foregoing is true and correct. Executed on: _____.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John A. Meuse

## DEFENDANTS
United States of America

05-10444-MLW

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Eastern District of Massachusetts

Eastern District of Massachusetts

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John A. Meuse, Pro Se
c/o Dorothy Post
53 Meadowood Dr.
Stoughton, MA

ATTORNEYS (IF KNOWN)
U.S. Dist. Ct. (U.S. Atty's Office)
One Courthouse Way
Boston, MA 02210

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. § 2255: Motion to vacate, correct, set aside sentence of federal prisoner due to ineffective assistance of counsel; New Retroactive S.Ct. decision

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE: Mark L. Wolf
DOCKET NUMBER: 92-10349-01

DATE: 2/28/05
SIGNATURE OF ATTORNEY OF RECORD: John Meuse, Pro Se

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

LOCAL RULES                                                        App. C

## APPENDIX C. CIVIL CATEGORY SHEET

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED IN CLERK'S OFFICE
05-10444-MLW
U.S. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _John A. Mouse v. United States of America_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ✓ IV.    220, 422, 423, 430, 460, 510, (530), 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). _U.S. Dist. Ct. #92-10349-01 / USCA #94-2135_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?    YES ☐   NO ☑

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403).    YES ☑   NO ☐

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S.A. PARTY?    YES ☑   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?    YES ☐   NO ☑

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)?—(SEE LOCAL RULE 40.1(C)).    YES ☐   NO ☑

   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?—(SEE LOCAL RULE 40.1(D)).    YES ☐   NO ☑

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?    YES ☐   NO ☑

   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _Eastern District of Massachusetts (Suffolk/Middlesex Counties)_

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION; YES ☐ NO ☑   OR WESTERN SECTION; YES ☐ NO ☑ _(eastern sec.)_

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _John A. Mouse, Pro Se_
ADDRESS _c/o Dorothy Post, 53 Meadowood Dr., Stoughton, MA_
TELEPHONE NO. _N/A_

(Categfrm.rev - 3/97)