UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN A. MEUSE              )
                          )
      V.                   )    CIVIL ACTION NO. 05-10444-MLW
                          )
UNITED STATES OF AMERICA )

### GOVERNMENT'S MOTION TO DISMISS

The United States of America, by and through its undersigned counsel, moves to dismiss the petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Meuse's claim is barred by the one year statute of limitations applicable to § 2255 motions.[1]

### Procedural Background

1.    On November 24, 1992, Meuse was charged in a one-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Dk. 1]. On May 13, 1994, the Court denied Meuse's motion to suppress the firearms set forth in the indictment. (Dk. 5/13/94). On June 8, 1994, pursuant to a plea agreement of the same date, Meuse entered a conditional plea of guilty under Fed. R. Crim. P. 11(a)(2), preserving his right to appeal the denial of his motion to suppress evidence. [Dk. 6/8/94]. A copy of the signed plea agreement is attached hereto as Exhibit 1. On September 22, 1994, the Court applied the Armed Career Criminal Act, 18 U.S.C.

---

[1] The government reserves the right to respond to the petitioner's motion on the merits should this motion to dismiss be denied.

§ 924(e), and sentenced Meuse to 294 months imprisonment, followed by 48 months supervised release. [Dk. 9/22/94]. Judgment was entered on this Court's docket on October 31, 1994 [Dk. 72].

2.   Pursuant to the terms of the plea agreement, a direct appeal was taken only from the denial of Meuse's motion to suppress. The United States Court of Appeals for the First Circuit affirmed, United States v. Meuse, 62 F.3d 1411 (Table) (1st Cir. 1995), and the judgment in the Court of Appeals was entered on August 2, 1995. [Dk. 77]. Meuse did not file a petition for a writ of certiorari from the United States Supreme Court.

3.   On January 12, 2005, the United States Supreme Court decided Booker. United States v. Booker, 125 S.Ct. 738 (2005).

4.   On March 2, 2005, Meuse's §2255 motion was received by this Court. Meuse raises three claims:  .

## Discussion

Meuse's motion must be dismissed because it is barred by the one-year statute of limitations applicable to § 2255 motions.

In the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), Congress established a "1-year period of limitation" governing motions for collateral relief under Section 2255. 28 U.S.C. § 2255 ¶ 6. The one-year period runs from "the latest of" four specified events:

2

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motio created by governmental action in violation of the Constitution or laws of the United States is removed, if th movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactivel applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim o claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.

Meuse's judgment of conviction became final on ninety days after entry of the Court of Appeals' judgment. See Clay v. Unite States, 537 U.S. 522 (2003).

None of the other potential triggering events apply in this case. Meuse erroneously asserts that his one-year period runs from the date of the Booker decision. The First Circuit has squarely held that Booker is not retroactive. United States v. Fraser, 407 F.3d 9,11 (1st Cir. 2005) ("petitions under 28 U.S.C §2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive"); Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) ("Booker itself did not give any clear hint that retroactive effect is intended" and "[e]very other circuit that has considered this issue has agreed that Booker does not apply

3

retroactively"). The First Circuit's view is in accord with other circuits that have addressed the issue. See, e.g., Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-863 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-481 (7th Cir. 2005); United States v. Mitchell, 122 Fed.Appx. 539, 540 (2c Cir. 2005) (unpublished); United States v. Leonard, 120 Fed.Appx. 759, 761 (10th Cir. 2005)(unpublished). See generally Schriro v. Summerlin, 124 S.Ct. 2519, 2522-2524 (2004).

One final issue needs to be addressed. Meuse has tried to avoid the non-retroactivity issue by framing one of his grounds for relief in terms of ineffective assistance of counsel. However, even under the standards applicable to ineffectiveness claims, he cannot prevail.

It is Meuse's burden in a §2255 proceeding to show entitlement to relief. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). In Strickland v. Washington, 466 U.S. 668, 686-87 (1984), the Supreme Court articulated a two-part test to determine whether, in a given instance, the Sixth Amendment right to effective counsel has been violated. First, the performance of counsel must have been deficient. Second, the deficient performance must have prejudiced the defense. Id. Petitioners bear the burden of proof, by a preponderance of the evidence, on both prongs of the Strickland test. Scarpa v. DuBois, 38 F.3d 1,

4

8 (1st Cir. 1994); Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993) (burden is a "very heavy" one).

The second part of the Strickland test requires a showing that a defendant was prejudiced by his counsel's substandard performance. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Thus, Meuse must prove not only that counsel's conduct fell below an objective standard of reasonableness, but that this prejudiced him in the sense that there is a reasonable probability that, but for counsel's errors, the result below would have been different. Strickland, 466 U.S. at 687-688.

Here, looking at prejudice first, Meuse cannot meet his burden because his Guideline sentence was correctly calculated and reasonable. Thus, even if Booker were retroactive, he would have no right to be re-sentenced.

Nor can Meuse satisfy the first prong of the Strickland standard, which requires a showing of deficient representation. It is not possible to find that Meuse's counsel's performance was constitutionally deficient for not raising a Booker objection at the time of his sentencing.

5

## Conclusion

For the reasons stated above, Meuse's §2255 motion should b

denied and this proceeding dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ James D. Herbert
JAMES D. HERBERT
Assistant U.S. Attorney
(617) 748-3100

September 23, 2005

### CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the
person listed below a copy of the foregoing document by
depositing in the United States mail a copy of same in an
envelope bearing sufficient postage for delivery:

John A. Meuse, *pro se*
U.S.M. # 19365-038
Mailing Address:
Dorothy Post
53 Meadowood Dr.
Stoughton, MA 02702

This 23rd day of September, 2005.

/s/ James D. Herbert
JAMES D. HERBERT
ASSISTANT UNITED STATES ATTORNEY

6